FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 1 0 2003

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRENDA C. ARMSTEAD,

    Plaintiff,

v.                                No. CIV-02-1555 WPJ/DJS

ALAN S. GOLD,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's complaint and two supplements (together the "complaint") under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and has moved for leave to proceed in forma pauperis ("IFP"). Plaintiff's IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518,

1520-21 (10th Cir. 1992).

Plaintiff's complaint contains almost no factual allegations. The civil cover sheet submitted with the complaint indicates that Plaintiff is suing for personal injury and habeas corpus relief. Plaintiff is a resident of Galveston, Texas, and seeks release of Nicole Donelli, who is incarcerated in Florida. Plaintiff also seeks release of $3 million from a Florida trust fund. References are made to litigation in Florida and to the 2000 presidential election, and Plaintiff states she will sue any judge who issues an unfavorable decision. No allegations identify the involvement of the two named Defendants in the asserted deprivations. In her latest filing, Plaintiff asks that the proceeding be transferred to the U. S. Supreme Court.

Plaintiff's habeas corpus claims on behalf of Ms. Donelli may not be maintained in this Court. A third party may file a habeas corpus application on behalf of a prisoner if the relationship between the third party and the prisoner is sufficiently close, *Hamilton v. Texas*, 497 U.S. 1016, 1017 (1990); *Hays v. Murphy*, 663 F.2d 1004, 1008 (10th Cir. 1981), and if the application explains why the prisoner cannot prosecute the application. *Demosthenes v. Baal*, 495 U.S. 731, 733 (1990); *Hays*, 663 F.2d 1008. Here, the application provides no description of Plaintiff's relationship to the prisoner, and Plaintiff may not proceed as a third-party applicant. Nor does the application provide a specific, detailed explanation why Ms. Donelli is unable to prosecute her habeas corpus application. Furthermore, this Court has no jurisdiction of Ms. Donelli's custodian in Florida. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973). Plaintiff's habeas corpus claims will be dismissed.

As noted above, Plaintiff's injury allegations do not state claims upon which relief can be granted. 28 U.S.C. § 1915(e)(2); Fed.R.Civ.P. 12(b)(6). Even assuming for purposes of this order

that Plaintiff could state federal claims in an amended complaint, *Hall*, 935 F.2d at 1109, the complaint will nonetheless be dismissed. This Court clearly has no jurisdiction of non-resident Defendants. *Stein v. New York Police Dep't*, No. 95-6141, 1996 WL 32135, at **1 (10th Cir. 1996); *cf. Far West Capital, Inc., v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (diversity action). Nothing in the complaint indicates any connection between the non-resident Defendants and the State of New Mexico such that *in personam* jurisdiction could be properly exercised, although the non-resident Defendants could consent to this Court's jurisdiction. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). Furthermore, venue is improper in this district, 28 U.S.C. § 1391(b); *see Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994), and Plaintiff's filings indicate that she may pursuing parallel litigation in other districts. Under these circumstances, Plaintiff's complaint could be dismissed or the case could be transferred to Florida under 28 U.S.C. § 1406(a) and Fed.R.Civ.P. 12(b)(2) & (3). *Robinson*, 155 F.R.D. at 536 n.1. Accordingly, the complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice to her right to pursue her claims in an appropriate forum, and this action is DISMISSED.

UNITED STATES DISTRICT JUDGE